IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNNY W. CROSBY, JR.<br>22 Coral Drive<br>Goose Creek, S.C. 29445<br><br>            Plaintiff,<br><br>v.<br><br>MCDONALD'S OF<br>GUILDERLAND, LLC<br>1602 Western Avenue<br>Guilderland, NY 12203<br>            and<br>"FRAN" (last name unknown)<br>c/o McDonald's of Guilderland, LLC<br>1602 Western Avenue<br>Guilderland, NY 12203<br><br>            Defendants. | CIVIL ACTION<br><br>No.:  1:17-CV-1160[MAD/DEP]<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Johnny W. Crosby, Jr. (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.    Introduction

1.    Plaintiff has initiated this action to redress violations by McDonald's of Guilderland, LLC and "Fran" (last name unknown) (hereinafter sometimes collectively referred to as "Defendants") of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§2601 *et. seq.*), the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) and the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("HRL"). Plaintiff was unlawfully terminated by Defendants, and he suffered damages more fully described/sought herein.

## II. Jurisdiction and Venue

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co v. State of Washington,* 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Northern District of New York has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted his administrative remedies with respect to his ADA claims, because he timely filed Charges with the Equal Employment Opportunity Commission ("EEOC") and now files his ADA claims within ninety (90) days of receiving a right-to-sue letter and/or notices of case closure from the EEOC.

## III. Parties

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Defendant McDonald's of Guilderland, LLC (hereinafter "Defendant Entity" if referred to individually) is a New York limited liability company, doing business in the fast food restaurant industry, including at the address set forth in the above-caption (the location at which Plaintiff worked).

9. Defendant "Fran" (last name unknown) (hereinafter, individually, "Defendant Fran") is upon information and belief a high-level/general manager and decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Entity including but not limited to hiring, firing, issuing discipline and approving and/or disapproving medical leave.[1]

10. At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. Factual Background

11. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

12. Plaintiff was hired by Defendant Entity on or about April 15, 2015 and was employed for approximately seventeen (17) months.

13. Plaintiff worked for Defendant Entity performing grill and maintenance work.

---

[1] "[T]he Second Circuit instructed that in determining whether to impose individual liability under the FMLA, courts should consider whether the defendant: '(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *King v. James*, 2016 WL 8715674, at *14 (W.D.N.Y. 2016), *quoting Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

3

14. Plaintiff has and continues to suffer from various disabilities/serious health conditions, including but not limited to an inguinal hernia, which on occasion limits Plaintiff's ability to work, stand, squat and lift (among other life activities).

15. Despite Plaintiff's limitations due to his disabilities, Plaintiff was able to perform the functions of his job well while employed with Defendant Entity.

16. Plaintiff would, on occasion, need a reasonable accommodation during his employment with Defendants (including but not limited to, taking short breaks and time off from work for medical treatment).

17. During Plaintiff's employment with Defendant Entity, Plaintiff informed Defendant Entity's management, including but not limited to Defendant Fran, of his disabilities.

18. In July of 2016, Plaintiff requested from Defendant Entity's management a six (6) week FMLA-qualifying medical leave to care for and treat for his disabilities/serious health conditions. Plaintiff returned to work in mid-August of 2016.

19. On or about September 14, 2016, while performing freezer maintenance, Plaintiff injured himself again at work and required treatment in the emergency room. Upon Plaintiff's return to work on the following day, he requested the reasonable accommodation of light duty.

20. That same day (*i.e.*, one (1) day after Plaintiff returned from medical treatment and on the same day he requested further accommodations), on or about September 15, 2016, Defendants terminated Plaintiff. Plaintiff was specifically told by Defendant Fran, the general manager, that he was terminated for reasons directly related to his health conditions.

21. On or about November 8, 2016, Plaintiff filed a Charge of Discrimination with the EEOC pertaining to his September 2016 termination.

22. In or about February of 2017, Plaintiff was offered to be re-hired by Defendant Entity at the same rate of pay. Plaintiff completed the entire application process and waited for Defendant Entity to advise him of a start date.

23. On or about May 1, 2017, Plaintiff was called by Lamar Johnson, the general manager in training, who told Plaintiff that he was not going to be re-hired with Defendant Entity because Defendant Fran, the general manager, told the owners and Mr. Johnson to not hire Plaintiff back.

24. Plaintiff was terminated by Defendants: (i) because of his actual and/or perceived disabilities; (ii) shortly after requesting an accommodation (including light duty and FMLA-qualifying leave) to care for and treat his disabilities/serious health conditions; and (iii) at a time when he was confiding in management (including Defendant Fran) about his serious health conditions.

25. Plaintiff believes and therefore avers that his termination was in violation of the FMLA, the ADA and the HRL.

**Count I**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**- Against All Defendants -**

26. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

28. Plaintiff requested leave from Defendant Entity, his employer(s), with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

5

29. Plaintiff had at least 1,250 hours of service with the Defendant Entity during his last full year of employment.

30. Defendant Entity is engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

31. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

32. Defendant Entity committed interference and retaliation violations of the FMLA by terminating and not re-hiring Plaintiff: (1) for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs; (3) to dissuade Plaintiff and/or other employees from utilizing FMLA leave; and (4) to prevent him from taking further FMLA-qualifying leave in the future.

33. Defendant Fran is personally liable because she aided and abetted the interference and retaliation and personally participated in the retaliatory and discriminatory decisions asserted herein (particularly with terminating and not re-hiring Plaintiff).

34. These actions as aforesaid constitute violations of the FMLA.

### Count II
### Violations of the Americans With Disabilities Act ("ADA," as amended)
### (Actual & Perceived & Record of Disability Discrimination / Retaliation)
### - Against Defendant Entity Only -

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff suffers from qualifying disabilities under the ADA because he suffers from an inguinal hernia, which on occasion limits Plaintiff's ability to work, stand, squat and lift (among other life activities).

6

37. At all times relevant herein, Defendants' management, including but not limited to Defendant Fran, knew that Plaintiff suffered from the above mentioned disabilities.

38. Plaintiff was terminated: (i) one (1) month after he returned from medical leave; (ii) one (1) day after he requested the accommodation of an additional medical leave; and (iii) the same day he requested the accommodation of light duty.

39. Plaintiff seeks relief herein for his termination and the failure to re-hire him, because such actions by Defendant were motivated by Plaintiff's: (i) record of impairment; (ii) known or perceived health problems; (iii) prior EEOC Charge for ADA violations; and/or (iv) due to Plaintiff requesting reasonable accommodations, which constitutes unlawful retaliation.

40. These actions as aforesaid constitute violations of the ADA.

### Count III
### New York State Human Rights Law ("HRL")
### (Actual & Perceived & Record of Disability Discrimination / Retaliation)
### - Against Defendant Entity Only -

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count II, *supra,* as such actions in terminating and failing to re-hire Plaintiff constitute identical violations of the HRL.

43. These actions as aforesaid constitute unlawful disability discrimination and retaliation under the HRL.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated/punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Adam C. Lease*
Adam C. Lease, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated: October 18, 2017