# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNNY W. CROSBY, JR.<br>22 Coral Drive<br>Goose Creek, S.C. 29445<br><br>    Plaintiff,<br><br>v.<br><br>MCDONALD'S OF<br>GUILDERLAND, LLC<br>P.O. Box 759<br>Guilderland, NY 12084<br>  and<br>MICHELL WOLF LLC<br>1602 Western Avenue<br>Guilderland, NY 12203<br>  and<br>"FRAN" (last name unknown)<br>c/o Michell Wolf LLC<br>1602 Western Avenue<br>Guilderland, NY 12203<br><br>    Defendants. | CIVIL ACTION<br><br>No.: 17-1160<br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff, Johnny W. Crosby, Jr. (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

#### I.  Introduction

1. Plaintiff has initiated this action to redress violations by McDonald's of Guilderland, LLC, Michell Wolf LLC and "Fran" (last name unknown) (hereinafter sometimes collectively referred to as "Defendants") of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§2601 *et. seq.*), the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) and the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("HRL"). Plaintiff

was unlawfully terminated and not hired/reinstated by Defendants, and he suffered damages more fully described/sought herein.

## II. Jurisdiction and Venue

2. This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co v. State of Washington*, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Northern District of New York has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted his administrative remedies with respect to his ADA claims, because he timely filed Charges with the Equal Employment Opportunity Commission ("EEOC") and now files his ADA claims within ninety (90) days of receiving a right-to-sue letter and/or notices of case closure from the EEOC.

### III. Parties

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Defendant McDonald's of Guilderland, LLC (hereinafter "Defendant Guilderland" if referred to individually) is a New York limited liability company, doing business in the fast food restaurant industry, including at the address set forth in the above-caption (the location at which Plaintiff worked).

9. Defendant Michell Wolf LLC (hereinafter "Defendant MW" if referred to individually) is a New York limited liability company, doing business in the fast food restaurant industry, including at the address set forth in the above-caption (the location at which Plaintiff worked).

10. Defendant "Fran" (last name unknown) (hereinafter, individually, "Defendant Fran") was upon information and belief a high-level/general manager and decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Guilderland, and currently for Defendant MW, including but not limited to hiring, firing, issuing discipline and approving and/or disapproving medical leave and applicants for hiring purposes.[1]

11. Plaintiff was terminated by Defendant Guilderland (as discussed *infra*), on or about September 15, 2016. On or about January 2, 2017, Defendant MW purchased the

---

[1] "[T]he Second Circuit instructed that in determining whether to impose individual liability under the FMLA, courts should consider whether the defendant: '(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *King v. James*, 2016 WL 8715674, at *14 (W.D.N.Y. 2016), *quoting Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

3

restaurant where Plaintiff was employed from Defendant Guilderland (the McDonald's restaurant located at 1602 Western Avenue, Guilderland, NY 12203). As discussed *infra*, Defendant MW refused to hire/reinstate Plaintiff, in violation of the FMLA, the ADA and the HRL.

12. Separate and apart from Defendant MW's liability for its failure to hire/reinstate Plaintiff, Defendant MW is also liable herein under the successor liability doctrine[2] as follows:

> a. Defendant MW has been on notice of Plaintiff's potential and actual legal claims, as Defendant MW was an owner-operator/manager of the restaurant which refused to hire Plaintiff for discriminatory and/or retaliatory reasons;
>
> b. Following its January 2017 purchase of the restaurant at issue, Defendant MW has been receiving multiple documents from the EEOC at that address (1602 Western Avenue, Guilderland, NY 12203), including Plaintiff's EEOC Charge, regarding Plaintiff's termination and his non-hire (*see* Exhibit A);
>
> c. Defendant MW has maintained the entire continuity of operations of Defendant Guilderland without interruption and performs the identical services for the same clientele with the same underlying employees who worked for Defendant Guilderland, including Defendant Fran and other staff and management; and
>
> d. Defendant MW is in the best and only position to provide relief sought herein as it is unclear at this stage of the litigation whether Defendant Guilderland is capable of providing any relief, having divested itself of the business operations which employed Plaintiff and its assets therein.

13. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants were sufficiently interrelated and integrated in their

---

[2] *See E.E.O.C. v. Nichols Gas & Oil, Inc.*, 688 F.Supp.2d 193, 201 (W.D.N.Y. 2010) (under the successor liability doctrine, courts focus on the following factors: "1) whether the successor company had notice of the EEOC charge; 2) the predecessor's ability to provide relief to the Plaintiff; and 3) whether there was a substantial continuity of business operations between the predecessor and successor.").

4

activities, labor relations, ownership and management that they may be treated as a single, joint and/or integrated employer for purposes of the instant action.

14. At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. Factual Background

15. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

16. Plaintiff was hired by Defendants[3] on or about April 15, 2015 and was employed for approximately seventeen (17) months.

17. Plaintiff worked for Defendants performing grill and maintenance work.

18. Plaintiff has and continues to suffer from various disabilities/serious health conditions, including but not limited to an inguinal hernia, which on occasion limits Plaintiff's ability to work, stand, squat and lift (among other life activities).

19. Despite Plaintiff's limitations due to his disabilities, Plaintiff was able to perform the functions of his job well while employed with Defendants.

20. Plaintiff would, on occasion, need a reasonable accommodation during his employment with Defendants (including but not limited to, taking short breaks and time off from work for medical treatment).

21. During Plaintiff's employment with Defendants, Plaintiff informed Defendants' management, including but not limited to Defendant Fran, of his disabilities.

---

[3] As set forth *supra*, Defendant MW is liable herein due to, *inter alia*, the successor liability doctrine.

5

22. In July of 2016, Plaintiff requested from Defendants' management a six (6) week FMLA-qualifying medical leave to care for and treat for his disabilities/serious health conditions. Plaintiff returned to work in mid-August of 2016.

23. On or about September 14, 2016, while performing freezer maintenance, Plaintiff injured himself again at work and required treatment in the emergency room. Upon Plaintiff's return to work on the following day, he requested the reasonable accommodation of light duty.

24. That same day (*i.e.*, one (1) day after Plaintiff returned from medical treatment and on the same day he requested further accommodations), on or about September 15, 2016, Defendants terminated Plaintiff. Plaintiff was specifically told by Defendant Fran, the general manager, that he was terminated for reasons directly related to his health conditions.

25. On or about November 8, 2016, Plaintiff filed a Charge of Discrimination with the EEOC pertaining to his September 2016 termination.

26. In or about February of 2017, Plaintiff was offered to be hired/reinstated by Defendants at the same rate of pay. Plaintiff completed the entire application process and waited for Defendants to advise him of a start date.

27. On or about May 1, 2017, Plaintiff was called by Lamar Johnson, the general manager in training, who told Plaintiff that he was not going to be re-hired with Defendants because Defendant Fran, the general manager, told the owners and Mr. Johnson to not hire Plaintiff back.

28. Plaintiff was terminated and not hired/reinstated by Defendants: (i) because of his actual and/or perceived disabilities; (ii) shortly after requesting an accommodation (including light duty and FMLA-qualifying leave) to care for and treat his disabilities/serious health

6

conditions; and (iii) at a time when he was confiding in management (including Defendant Fran) about his serious health conditions.

29. Plaintiff believes and therefore avers that his termination and his non-hire were in violation of the FMLA, the ADA and the HRL.

### Count I
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference & Retaliation)
- Against All Defendants -

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

32. Plaintiff requested leave from Defendants, his employer(s), with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

33. Plaintiff had at least 1,250 hours of service with the Defendants during his last full year of employment.

34. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

35. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

36. Defendants committed interference and retaliation violations of the FMLA by terminating and not hiring/reinstating Plaintiff: (1) for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs

7

in connection with his termination and non hire/reinstatement; (3) to dissuade Plaintiff and/or other employees from utilizing FMLA leave; and (4) to prevent him from taking further FMLA-qualifying leave in the future.

37. Defendant Fran is personally liable because she aided and abetted the interference and retaliation and personally participated in the retaliatory and discriminatory decisions asserted herein (particularly with terminating and not re-hiring Plaintiff).

38. These actions as aforesaid constitute violations of the FMLA.

### Count II
### Violations of the Americans With Disabilities Act ("ADA," as amended)
(Actual & Perceived & Record of Disability Discrimination / Retaliation)
- Against Defendants Guilderland and MW -

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff suffers from qualifying disabilities under the ADA because he suffers from an inguinal hernia, which on occasion limits Plaintiff's ability to work, stand, squat and lift (among other life activities).

41. At all times relevant herein, Defendants' management, including but not limited to Defendant Fran, knew that Plaintiff suffered from the above mentioned disabilities.

42. Plaintiff was terminated: (i) one (1) month after he returned from medical leave; (ii) one (1) day after he requested the accommodation of an additional medical leave; and (iii) the same day he requested the accommodation of light duty.

43. Plaintiff seeks relief herein for his termination and the failure to hire/reinstate him, because such actions by Defendants were motivated by Plaintiff's: (i) record of impairment; (ii) known or perceived health problems; (iii) prior EEOC Charge for ADA violations; and/or (iv) requests for reasonable accommodations, which constitutes unlawful retaliation.

8

44. These actions as aforesaid constitute violations of the ADA.

### Count III
### New York State Human Rights Law ("HRL")
**(Actual & Perceived & Record of Disability Discrimination / Retaliation)**
**- Against Defendants Guilderland and MW -**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count II, *supra*, as such actions in terminating and failing to hire/reinstate Plaintiff constitute identical violations of the HRL.

47. These actions as aforesaid constitute unlawful disability discrimination and retaliation under the HRL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated/punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants

for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

/s/ *Adam C. Lease*
Adam C. Lease, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated: October 30, 2017

# EXHIBIT A

n 06 2017 02:21PM STPeters Hospital (518)525-6802     page 2

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br>None<br>State or local Agency, if any | [ ] FEPA<br>[x] EEOC | |

NAME (Indicate Mr., Ms., Mrs.)   HOME TELEPHONE (Include Area Code)
Johnny Crosby                     (518) 390-3811
STREET ADDRESS                    CITY, STATE AND ZIP CODE    DATE OF BIRTH
879 Warren St.,                   Albany NY, 12208
First Floor

NAME                              NUMBER OF EMPLOYEES, MEMBERS   TELEPHONE (Include Area Code):
McDonalds/McDonald's of Guilderland, +15                         (518) 456-1376
                                  LLC
STREET ADDRESS                    CITY, STATE AND ZIP CODE    COUNTY
1602 Western Ave.                 Albany NY, 12203            Albany

NAME                              NUMBER OF EMPLOYEES, MEMBERS:  TELEPHONE (Include Area Code)
STREET ADDRESS                    CITY, STATE AND ZIP CODE       COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))        DATE DISCRIMINATION TOOK PLACE
                                                                    EARLIEST        LATEST (ALL)
                                                                    (ADEA/EPA)
[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN                September 2016
[XX] RETALIATION   [ ] AGE   [XX] DISABILITY   [X] OTHER Failure to Hire   [ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I, Johnny Crosby, do hereby bring this Charge against my former employer, McDonalds (hereinafter "Respondent").

I was terminated from Respondent in or about September of 2016, after informing Respondent's management of my disabilities and need for accommodations (including but not limited to time off from work to care for and treat for my health conditions). Respondent terminated my employment, citing reasons directly related to my health conditions. Shortly after my termination, I filed a Charge of Discrimination with the EEOC asserting claims for actual/perceived/record of disability discrimination, retaliation, and failure to accommodate.

In or about February of 2017, I was offered my job back with Respondent at the same rate. I went through the entire application process and waited for Respondent to advise me of a start date. On or about May 1, 2017, I was called by the general manager in training (Lamar Johnson) who told me that I was not going to be re-hired with Respondent because the general manager (Fran – last name unknown) told the owners and him not to hire me back. Fran was the general manager while I was working for Respondent who discriminated against me and participated in the decision to terminate my employment in September of 2016.

I believe I was not re-hired by Respondent because of my disabilities, perceived disabilities, record of impairment, in retaliation for requesting accomm[odation]s, and/or in retaliation for filing an EEOC Charge of Discrimination. I also believe that I was not re[hired by Res]pondent in retaliation for seeking workers' compensation benefits and/or for exercising my F[MLA rights, a]lthough I understand that such claim does not fall within the purview of the EEOC). I am t[herefore fil]ing this Charge of discrimination and retaliation.

[x] I want this charge filed with both the EEOC. I will advise    I swear or affirm that I have read the above charge and that it is true to the
charge my address or telephone Number and I will cooperate f[ully]  best of my knowledge, information and belief.
the processing of my charge in accordance with their procedures.
                                                                    /s/_____  DATE
I declare under penalty of perjury that the foregoing is true and correct.   SIGNATURE OF COMPLAINANT

                                                                    Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this ___
Date: 6/3/17  Charging Party: _Johnny Crosby_/s/_             day of _____, 200__
                                                                    My commission expires     /     /
                                                                                              Notary Public
EEOC Form 5 modified

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Johnny Crosby<br>879 Warren Street<br>First Floor<br>Albany, NY 12208 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03365 | Thomas Perez,<br>Investigator | (212) 336-3778 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____         8/24/17
Kevin J. Berry,                              (Date Mailed)
District Director

Enclosures(s)

cc:
Director of Human Resources
McDONALDS OF GUILDERLAND
1602 Western Avenue
Albany, NY 12203

Allison Forte
KARPF, KARPF & CERUTTI, P.C.
3331 Street Road
Bensalem, PA 19020

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Johnny Crosby<br>879 Warren Street<br>First Floor<br>Albany, NY 12208 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03365 | Thomas Perez,<br>Investigator | (212) 336-3778 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____   8/24/17
Kevin J. Berry,   (Date Mailed)
District Director

Enclosures(s)

cc:   Director of Human Resources   Allison Forte
McDONALDS OF GUILDERLAND   KARPF, KARPF & CERUTTI, P.C.
1602 Western Avenue   3331 Street Road
Albany, NY 12203   Bensalem, PA 19020